1:45 pm

ORIGINAL

FILED
JAN 1 2 2007
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **M & A TECHNOLOGY, INC.** | ) | |
| **Plaintiff,** | ) | **BID PROTEST** |
| **v.** | ) | |
| **UNITED STATES,** | ) | **Fed. Cl. No. 07 - 16 C** |
| **Defendant** | ) | |

# PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to the Court's Rules at Appendix C, Section V, Paragraph 10, Plaintiff M&A Technology, Inc. hereby requests that the court enter a preliminary injunction enjoining performance of the awarded contract as described herein. The grounds for this request are set out in the accompanying Plaintiff's Memorandum in Support of Its Application for a Preliminary Injunction.

As further information for the Court, pursuant to Solicitation No. 3AAREC-07-A-0001 (the Solicitation), the United States Postal Service awarded a contract to SteelCloud, Inc. for the manufacture and delivery of special purpose computer servers. The initial contract quantity was for 25 pre-production units to be delivered soon after award. All other quantities are option quantities. The first set of option quantities is for a small number of pilot test units due in the summer of 2007. The bulk of the procurement is a option quantity of 1,818 units that is not due for delivery until October 22, 2007. These option quantities are for computers that will be integrated with other equipment being provided by another USPS contractor during that timeframe. M&A does not know whether the Postal Service has ordered any other quantities under the contract.

Accordingly, M&A's request for a preliminary injunction is structured to produce the least impact on the Postal Service while still protecting M&A's interests and preserving the Court's power to grant an effective permanent remedy. At the outset, M&A seeks a preliminary injunction prohibiting the United States Postal Service from proceeding with any performance of the contract awarded to SteelCloud. But in the event that substantial work has already been performed on the first 25 pre-production units, such that it would be uneconomic to disrupt that performance, M&A would only seek to preliminarily enjoin the exercise of any options and enjoin the performance of any work on option quantities already awarded. Such an injunction would preserve the Court's remedial powers without impacting work on the pre-production units.

As set forth in Plaintiff's memorandum in support of this motion, the issuance of a Preliminary Injunction meets all the requirements for injunctive relief. M&A is likely to prevail on the merits of the protest. The preliminary injunction is essential to prevent immediate and irreparable injury to M & A and preserve the Court's remedial powers. The balance of hardships favors the granting of a preliminary injunction, and general public interest will be served by issuing the preliminary injunction.

Concurrent with this filing, Plaintiff is providing the Complaint, this motion and supporting memorandum, and all exhibits and supporting documents to the Department of Justice and the awardee's counsel by hand-delivery.

Accordingly, pursuant to Rule 65 of the Court of Federal Claims, Plaintiff respectfully requests that the Court schedule a hearing on this Motion as soon as possible and, upon hearing argument, enter a Preliminary Injunction granting the following relief:

1. A Preliminary Injunction temporarily enjoining the Postal Service and SteelCloud from further performance of the contract resulting from the Solicitation;

2. Alternatively, a Preliminary Injunction temporary enjoining the Postal Service for exercising any options under the SteelCloud contract; and enjoining any performance of work under any option quantities already exercised under the SteelCloud contract.

3. Such other and further relief as the Court may deem just and proper.

The requested preliminary injunction would be in effect only until such time as the Court can rule on M&A's request for a permanent injunction.

Respectfully submitted,

David P. Hendel
**Akerman Senterfitt Wickwire Gavin, P.C.**
8100 Boone Blvd., Ste. 700
Vienna, Virginia 22182
(703) 790-8750
(703) 448-1767 (Fax)

*Attorney of Record for*
*M & A Technology, Inc.*

Of Counsel:
Claude P. Goddard
J. Michael Littlejohn
**Akerman Senterfitt Wickwire Gavin, P.C.**
8100 Boone Blvd., Ste. 700
Vienna, Virginia 22182
(703) 790-8750
(703) 448-1767 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of January, 2007, I caused to be served via hand delivery the foregoing Motion for Preliminary Injunction on the following:

Claudia Burke
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
1100 L Street, NW
8th Floor
Washington, DC 20530

Edward J. Tolchin
Fettmann, Tolchin & Majors, P.C.
10509 Judicial Drive
Suite 300
Fairfax, VA 22030-7501
703-385-9500
703-385-9893 (facsimile)

J. Michael Littlejohn