IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M & A TECHNOLOGY, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | Fed. Cl. No. 07-16C (Judge Baskir) |
| UNITED STATES, | ) | |
| Defendant | ) | |

**PLAINTIFF'S MOTION TO STRIKE**
**AND ALTERNATIVELY FOR OTHER REMEDIES**

Plaintiff M&A Technology, Inc. moves to strike Tab 10 from the Administrative Record (AR) because, though purporting to be a contemporaneous "Award Recommendation," it was actually created long after the contract was awarded. Plaintiff also moves to strike AR Tab 8, which purports to be the Technical Evaluation Summary, because it is undated and presumably was also created after the contract was already awarded.

Alternatively, if these documents are not stricken from the record, plaintiff requests leave to depose the appropriate postal officials to determine the true nature of these documents, the impact

that post-award events had on them, and the actual contemporary basis for the award decision.

**Background**

The single most important document in nearly every bid protest case is the contracting officer's contemporaneous memorandum describing the basis for the contract award. Such a memorandum captures the source selection authority's contemporaneous reasoning, free from post hoc rationalizations which can arise in responding to later filed protests. Here, the "Award Recommendation" (AR Tab 10) was prepared five weeks after the contract had been awarded and well after M&A had voiced its complaints about the selection decision:

| | |
|---|---|
| October 19, 2006 | Solicitation issued |
| October 26, 2006 | Proposals received |
| November 6, 2006 | SteelCloud proposal received |
| ***November 21, 2006*** | ***Award Notice to SteelCloud*** |
| November 27, 2006 | Notice of Award to other offerors |
| November 30, 2006 | CO signs contract award |
| December 11, 2006 | USPS debriefs M&A |
| December 22, 2006 | M&A provides draft complaint to USPS |
| ***December 29, 2006*** | ***Award Recommendation*** |
| [ undated | Technical Evaluation Summary ] |

(See Defendant's "Index to Administrative Record" and Magdy Elwany Declaration, par. 27.) The Award Recommendation, which

purports to be a contemporaneous description of the basis for award, is dated *after* SteelCloud had been selected for and notified of award; *after* offerors were advised in writing that the contract had been awarded; *after* the contract had been formally signed; *after* M&A had been debriefed; and most alarming of all, one week *after* M&A provided USPS with a draft of the Complaint that it later filed in this very action.

The above timeline shows that the contracting officer had ample time to contemporaneously create the "Award Recommendation" before award. But the contracting officer appears to have waited until after he had already negotiated and signed the actual contract, issued Notice of Award letters to all offerors, held debriefings, and reviewed M&A's draft complaint, before preparing the Award Recommendation. This is the epitome of post-hoc rationalization in the face of litigation.

Plaintiff's counsel asked DOJ counsel when AR Tab 10 had been prepared. After her initial discussion with the contracting officer, DOJ counsel confirmed that the Award Recommendation had been prepared after contract award. DOJ counsel, however, opposes this motion. (Both DOJ counsel and Intervenor counsel have agreed that

the Index to the Administrative Record does not contain Protected Material, so this pleading has not been filed under seal.)

The timing of the Award Recommendation in this case is a critical factor. M&A's debriefing, which was provided on December 11, 2006 (see AR Index and AR Tab 19), contained a different set of reasons for the downgrading of M&A's proposal than is contained in the December 29, 2006 Award Recommendation. The Award Recommendation is also dated seven days *after* M&A provided the Postal Service, on December 22, 2006, with a draft of the Complaint it later filed in this action. Naturally, this creates real concerns over the accuracy and credibility of the post-hoc Award Recommendation.

Similarly, AR Tab 8, described in the Index as the "Technical Evaluation Summary," is undated. This is the only document in the Administrative Record that contains any information on how proposals were evaluated. Given that the Award Recommendation was created post-hoc, there are real concerns that this undated document was also created post-hoc. Plaintiff's counsel asked DOJ counsel concerning the date of this document, but DOJ counsel did not know when it had been prepared.

**Basis for Striking these Documents**

Because the Award Recommendation is dated five weeks after the contract had been already awarded, it is not appropriately part of the Administrative Record. The Administrative Record generally does not include materials created or obtained after the time the decision-maker decided to take the challenged agency action. See *CW Gov't Travel, Inc. v. United States*, 63 Fed. Cl. 108, 118 (2005). Documents created after-the-fact are suspect, as courts reviewing an administrative record recognize that they must reject "post hoc rationalizations" as a basis for agency action. *Arch Chems., Inc. v. United States,* 64 Fed. Cl. 380, 386 (2005). The "Award Recommendation" in AR Tab 10 was created well after the award had already been made, and weeks after the debriefing, and thus cannot be considered a contemporaneous document. Thus, it should be removed from the Administrative Record. Similarly, AR Tab 8 is undated and its date of creation is unknown. Given the post-hoc nature of AR Tab 10, AR Tab 8 could also be a post-hoc document.

The Court has been quite clear that only contemporaneous documents belong in the Administrative Record. In this Court's January 17, 2007 scheduling Order, the Court specifically called the

parties' attention to the recent decision in *210 Earll, L.L.C. v. United States*, 06-360C (November 21, 2006). In that case, the Administrative Record did not contain any contemporary evaluation or analysis of the non-price award factors. The agency sought to fill in the gap with what it called a "declaration" by the contracting officer. Because the document was in fact created after award, the Court found that the analysis therein "could hardly be described as objective." (Slip op. at 17.)

Recognizing that the "declaration" was created after award, agency counsel sought to admit it anyway as a matter of expediency. The Court rejected this argument:

> The APA requires a reasoned analysis at the time of the decision. It does not require a reasoned analysis only when the Contracting Officer's decision is challenged in court. [Citations and parentheticals deleted.] To accept the Contracting Officer's *post hoc* explanation as sufficient to cure his earlier error would set a most disruptive precedent.

(Slip op. at 18.) The contract award was vacated and the case remanded for an award determination that included a documented analysis.

Similarly here, the post-hoc Award Recommendation should be stricken from the Administrative Record as it clearly was not part of

the "reasoned analysis *at the time of the decision.*" The undated document in AR Tab 8 should follow the same fate unless it can be shown to have been produced prior to contract award. Since there is no contemporaneous documentation setting out the agency's evaluation of proposals and award decision in the Administrative Record, the award should be vacated and the case remanded, as it was in *210 Earll*.

Should the Court accept these documents, either as part of the Administrative Record or as a supplement to it, plaintiff seeks leave to depose the contracting officer or other pertinent postal officials to determine the actual contemporaneous basis for the source selection decision, the true nature of AR Tab 10, and the circumstances under which it was drafted. Plaintiff also seeks leave to examine the meta-data of the actual document, which would provide additional information on when it was created and edited. Also, plaintiff would inquire into the basis for statements made in any later filed declaration by the contracting officer that seeks to supplement the record. See *Asia Pacific Airlines v. United States*, 68 Fed. Cl. 8, 18 (2005) (allowed deposition of USPS contracting officer when gap in administrative record required explanation for meaningful judicial

review). Plaintiff will, if required by the Court, file a separate motion for this purpose.

Respectfully submitted,

s/ David P. Hendel
David P. Hendel
**Akerman Senterfitt Wickwire Gavin, P.C.**
8100 Boone Blvd., Ste. 700
Vienna, Virginia 22182
Telephone: (703) 790-8750
Facsimile: (703) 448-1767

*Attorney of Record for M & A Technology, Inc.*

Of Counsel:

Claude P. Goddard
J. Michael Littlejohn
**Akerman Senterfitt Wickwire Gavin, P.C.**
8100 Boone Blvd., Ste. 700
Vienna, Virginia 22182
Telephone: (703) 790-8750
Facsimile: (703) 448-1767

January 29, 2007

## CERTIFICATE OF FILING

I hereby certify that on this 29th day of January 2007, a copy of the foregoing " Plaintiff's Motion to Strike and Alternatively for Other Remedies" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s David P. Hendel
David P. Hendel